UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MEGAN WALLACE,

                      Plaintiff,

      -against-                      <u>ANSWER</u>

THE STANDARD FIRE INSURANCE CO., NEW    Civil Action No.:
YORK PROPERTY INSURANCE UNDERWRITING       13 CV 7461 (ALC)
ASSOCIATION and FIDELITY NATIONAL
PROPERTY & CASUALTY INS. CO.,

                      Defendant.
------------------------------------X

     Defendant, NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION (hereinafter referred to as "NYPIUA"), by its attorneys, FELDMAN, RUDY, KIRBY & FARQUHARSON, P.C., as and for its Answer to plaintiff's Complaint, alleges upon information and belief, as follows:

     FIRST: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "1", "2", "4", "5", "6", "8", "9", "10", "11", "12", "13", "14", "15", "21", "22", "24", "25", "26", "27", "34", "35", "36", "37", "38" and "39" of plaintiff's Complaint.

     SECOND: Denies each and every allegation contained in paragraphs "7", "19", "20", "23", "33" and "43" of plaintiff's Complaint.

THIRD: Denies each and every allegation contained in paragraph "3" of plaintiff's Complaint, except admits that defendant NYPIUA is a joint underwriting association established and existing under the laws of the State of New York and is authorized to conduct the business of insurance in the State of New York and maintains an office at 100 Williams Street, New York, NY 10038.

FOURTH: Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint, except admits that defendant NYPIUA issued a policy of insurance to plaintiff with an effective date of August 11, 2012 and an expiration date of August 11, 2013 bearing policy number 0030501242-02, insuring the dwelling, household furnishings and additional living expenses for property located at 25 Clipper Roadway, Ocean Beach, New York 11770, pursuant to the terms and conditions of said policy. Defendant NYPIUA will refer to all terms and conditions of the aforesaid policy which policy defendant NYPIUA will refer at the trial of this action.

FIFTH: Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint, except admits that the plaintiff reported a claim to defendant NYPIUA on or about November 8, 2012.

SIXTH: Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint, except admits that defendant NYPIUA sent a denial letter to the plaintiff, dated January 25, 2013, denying that part of the claim which involved damages as a result of flood and/or tidal waters. Said letter indicated that a payment would be made to the plaintiff for the cost to repair damages resulting from windstorm which are covered under the NYPIUA policy.

SEVENTH: Denies each and every allegation contained in paragraphs "28" and "29" of plaintiff's Complaint, except admits that defendant NYPIUA issued a policy of insurance to the plaintiff with an effective date of April 14, 2012 and an expiration date of April 14, 2013 bearing policy number 0011296763-03 insuring the dwelling and rental value for property located at 20 Frigate Walk, Cornielle Estates, New York 11770, pursuant to the terms and conditions of said policy. Defendant NYPIUA will refer to all terms and conditions of the aforesaid policy which policy defendant NYPIUA will refer to at a trial of this action.

EIGHTH: Denies each and every allegation contained in paragraph "30" of plaintiff's Complaint, except admits that a claim was submitted to defendant NYPIUA by plaintiff for

alleged damage to the property at 20 Frigate Walk, on or about November 8, 2012.

NINTH: Denies each and every allegation contained in paragraphs "31" and "32" of plaintiff's Complaint, except admits defendant issued a denial letter to plaintiff on or about January 14, 2013, denying those alleged damages caused by flood and/or tidal waters which are not covered under the defendant NYPIUA policy. The letter further indicated that defendant NYPIUA would be paying plaintiff for the cost to repair the damages as a result of the wind which is covered under the NYPIUA policy.

TENTH: Denies each and every allegation contained in paragraph "40" of plaintiff's Complaint, except admits that defendant NYPIUA issued a policy of insurance to plaintiff with an effective date of April 21, 2012 and an expiration date of April 21, 2013, bearing policy number 0011179034-05 insuring the dwelling and household furnishings at the location 105 Clipper Roadway, Ocean Beach, NY 11770 pursuant to the terms and conditions of said policy. Defendant NYPIUA will refer to all terms and conditions of the aforesaid policy which policy defendant NYPIUA will refer to at the trial of this action.

ELEVENTH: Denies each and every allegation contained in paragraph "41" of plaintiff's Complaint, except admits that plaintiff submitted a claim for alleged damage to the property located at 105 Clipper Roadway to defendant NYPIUA on or about November 8, 2012.

TWELFTH: Denies each and every allegation contained in paragraph "42" of plaintiff's Complaint, except admits that defendant NYPIUA paid plaintiff $6,946.87 pursuant to an agreement between plaintiff's representative and defendant NYPIUA's adjuster as to the amount of damages as a result of the storm.

## ANSWERING THE FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANT STANDARD

THIRTEENTH: Defendant NYPIUA repeats, reiterates and realleges each and every admission and denial with respect to the allegations contained in paragraphs "1" through "44" inclusive of plaintiff's Complaint, with the same force and effect as though set forth herein at length.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "45", "46", "47" and "48" of plaintiff's Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT NYPIUA

FIFTEENTH: Defendant NYPIUA repeats, reiterates and reralleges each and every admission and denial with respect to the allegations contained in paragraphs "1" through "49" inclusive of plaintiff's Complaint, with the same force and effect as though set forth herein at length.

SIXTEENTH: Denies each and every allegation contained in paragraphs "51", "52" and "53" of plaintiff's Complaint.

SEVENTEENTH: Denies each and every allegation contained in paragraph "50" of plaintiff's Complaint, except admits that defendant NYPIUA received notices of claim for each of the subject properties on or about November 8, 2012.

## ANSWERING THE THIRD CAUSE OF ACTION
## AGAINST DEFENDANT FIDELITY

EIGHTEENTH: Defendant repeats, reiterates and reralleges each and every admission and denial with respect to the allegations contained in paragraphs "1" through "54" inclusive of plaintiff's Complaint, with the same force and effect as though set forth herein at length..

NINETEENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "55", "56", "57" and "58" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTIETH: The policy of insurance issued by defendant NYPIUA covering the property located at 25 Clipper Roadway contains the following condition:

WATER EXCLUSION ENDORSEMENT

GENERAL EXCLUSIONS
We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
3. Water Damage is replaced by the following:
   3. Water
      This means:

      a. Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

      b. Water which:
         (1) Backs up through sewers or drains; or
         (2) Overflows or is otherwise discharged from a sump, sump pump or related equipment.

      c. Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

      d. Waterborne material carried or otherwise moved by any of the water referred to in 3.a. through 3.c. of this Exclusion.

> This exclusion (3.) applies regardless of whether any of the above, in 3.a. through 3.d., is caused by an act of nature or is otherwise caused.
>
> This exclusion (3.) applied to, but is not limited to escape, overflow or discharge, for any reason, of water or waterborne material from a dam. Levee, seawall or any other boundary or containment system.
>
> However, direct loss by fire or explosion resulting from any of the above, in 3.a. through 3.d., is covered.

All other provisions of this policy apply.

TWENTY-FIRST: Upon information and belief, the peril causing the loss to the property located at 25 Clipper Roadway and which is the subject of this action is excluded under the terms of the aforementioned Water Exclusion Endorsement set forth in the previous paragraph.

TWENTY-SECOND: Based upon the foregoing, defendant NYPIUA has no liability for any of the claim set forth in plaintiff's Complaint, including but not limited to the claims for alleged damage to the dwelling, household furnishings and additional living expenses located at 25 Clipper Roadway, Ocean Beach.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD: The policy of insurance issued by defendant NYPIUA covering the property located at 20

Frigate Walk, Cornielle Estates, contains the following condition:

WATER EXCLUSION ENDORSEMENT

GENERAL EXCLUSIONS
We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
3. Water Damage is replaced by the following:
   3. Water
      This means:

      a. Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

      b. Water which:
        (1) Backs up through sewers or drains; or
        (2) Overflows or is otherwise discharged from a sump, sump pump or related equipment.

      c. Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

      d. Waterborne material carried or otherwise moved by any of the water referred to in 3.a. through 3.c. of this Exclusion.

> This exclusion (3.) applies regardless of whether any of the above, in 3.a. through 3.d., is caused by an act of nature or is otherwise caused.
>
> This exclusion (3.) applied to, but is not limited to escape, overflow or discharge, for any reason, of water or waterborne material from a dam. Levee, seawall or any other boundary or containment system.
>
> However, direct loss by fire or explosion resulting from any of the above, in 3.a. through 3.d., is covered.

All other provisions of this policy apply.

TWENTY-FOURTH: Upon information and belief, the peril causing the loss to the property located at 20 Frigate Walk, Cornielle Estates, and which is the subject of this action is excluded under the terms of the aforementioned Water Exclusion Endorsement set forth in the previous paragraph.

TWENTY-FIFTH: Based upon the foregoing, defendant NYPIUA has no liability for any of the claim set forth in plaintiff's Complaint, including but not limited to the claims for alleged damage to the dwelling and rental value located at 20 Frigate Walk, Cornielle Estates.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

TWENTY-SIXTH: The policy of insurance covering the property located at 105 Clipper Roadway, Ocean Beach, New York contains the following condition:

WATER EXCLUSION ENDORSEMENT

GENERAL EXCLUSIONS
We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
3. Water Damage is replaced by the following:
   3. Water
      This means:

      a. Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

      b. Water which:
        (1) Backs up through sewers or drains; or
        (2) Overflows or is otherwise discharged from a sump, sump pump or related equipment.

      c. Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

      d. Waterborne material carried or otherwise moved by any of the water referred to in 3.a. through 3.c. of this Exclusion.

> This exclusion (3.) applies regardless of whether any of the above, in 3.a. through 3.d., is caused by an act of nature or is otherwise caused.
>
> This exclusion (3.) applied to, but is not limited to escape, overflow or discharge, for any reason, of water or waterborne material from a dam. Levee, seawall or any other boundary or containment system.
>
> However, direct loss by fire or explosion resulting from any of the above, in 3.a. through 3.d., is covered.

All other provisions of this policy apply.

TWENTY-SEVENTH: Upon information and belief, the peril causing the loss to the property located at 105 Clipper Roadway, Ocean Beach, New York and which is the subject of this action is excluded under the terms of the aforementioned Water Exclusion Endorsement set forth in the previous paragraph.

TWENTY-EIGHTH: Based upon the foregoing, defendant NYPIUA has no liability for any of the claim set forth in plaintiff's Complaint, including but not limited to the claims for alleged damage to the dwelling and household furnishings located at 105 Clipper Roadway, Ocean Beach, New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: The policy of insurance issued by defendant NYPIUA upon which plaintiff has brought this action seeking alleged damages for the property at 25 Clipper Roadway is a named perils policy, and to the extent that plaintiff is seeking alleged damages over and above damage caused solely by windstorm, plaintiff has the burden to prove that those damages resulted from one of the named listed perils in the subject policy which plaintiff has failed to do.

THIRTIETH: As a result, defendant NYPIUA is not liable to plaintiff for any of the alleged damages at the property at 25 Clipper Roadway.

## AS AND FOR A FIFTH CAUSE OF ACTION

THIRTY-FIRST: The policy of insurance issued by defendant NYPIUA upon which plaintiff has brought this action seeking alleged damages for the property at 20 Frigate Walk, Cornielle Estates is a named perils policy, and to the extent that plaintiff is seeking alleged damages over and above damage caused solely by windstorm, plaintiff has the burden to prove that those damages resulted from one of the named listed perils in the policy which plaintiff has failed to do.

13

THIRTY-SECOND: As a result, defendant NYPIUA is not liable to plaintiff for any of the alleged damages to the property at 20 Frigate Walk, Cornielle Estates.

AS AND FOR SIXTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: The policy of insurance issued by defendant NYPIUA upon which plaintiff has brought this action seeking alleged damages for the property at 105 Clipper Roadway, Ocean Beach, New York is a named perils policy, and to the extent that plaintiff is seeking alleged damages over and above damage caused solely by windstorm, plaintiff has the burden to prove that those damages resulted from one of the named listed perils in the policy which plaintiff has failed to do.

THIRTY-FOURTH: As a result, defendant NYPIUA is not liable to plaintiff for any of the alleged damages to the property at 105 Clipper Roadway, Ocean Beach, New York.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The insurance policy issued by defendant NYPIUA to the plaintiff insuring property located at 25 Clipper Roadway, contains the following conditions, among others:

E.  Coverage E – Additional Living Expense
   1. If a loss to property described in Coverage A, B or C by a Peril Insured Against under this policy makes the Described Location unfit for its normal use, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.

   Payment will be for the shortest time required to repair or replace the Described Location or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

   2. If a civil authority prohibits you from use of the Described Location as a result of direct damage to a neighboring location by a Peril Insured Against in this policy, we cover the Additional Living Expense loss for no more than two weeks.

   3. The periods of time referenced above are not limited by the expiration of this policy.

   4. We do not cover loss or expense due to cancellation of lease or agreement.

THIRTY-SIXTH: To the extent that plaintiff is seeking additional living expenses in this action relating to alleged damage at 25 Clipper Roadway any such claim will be subject to the conditions set forth above.

THIRTY-SEVENTH: As a result of the forgoing, defendant NYPIUA has no liability to plaintiff for any alleged additional living expenses which may be sought in this action.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15

THIRTY-EIGHTH: The policy of insurance issued by defendant NYPIUA to plaintiff for the property located at 20 Frigate Walk, Cornielle Estates contains the following condition, among others:

> D. Coverage D - Fair Rental Value
> 1. If a loss to property described in Coverage A, B or C by a Peril Insured Against under this policy makes that part of the Described Location rented to others or held for rental by you unfit for its normal use, we cover the fair rental value of that part of the Described Location rented to others or held for rental by you less any expenses that do not continue while that part of the Described Location rented or held for rental is not fit to live in.
>
>    Payment will be for the shortest time required to repair or replace that part of the Described Location rented or held for rental.
>
> 2. If a civil authority prohibits you from use of the Described Location as a result of direct damage to a neighboring location by a Peril Insured Against in this policy, we cover the Fair Rental Value loss for no more than two weeks.
>
> 3. The periods of time referenced above are not limited by the expiration of this policy.
>
> 4. We do not cover loss or expense due to cancellation of a lease or agreement.

THIRTY-NINTH: To the extent that plaintiff is seeking damages based upon fair rental value for the above

mentioned property, said claim is subject to the aforementioned conditions.

FORTIETH: As a result of the foregoing, defendant NYPIUA is not liable to plaintiff for any damages involving fair rental value for the property at 20 Frigate Walk, Cornielle Estates, New York.

WHEREFORE, defendant NYPIUA respectfully demands judgment dismissing plaintiff's Complaint, together with the costs and disbursements of this action.

Dated:   Jericho, New York
          November 15, 2013

Yours, etc.

FELDMAN, RUDY, KIRBY
& FARQUHARSON, P.C.
Attorneys for Defendant


_____
BY: BRIAN R. RUDY, ESQ. (BR5672)
410  Jericho Turnpike - Ste. 315
Jericho, NY 11753
(516) 334-2500
(516) 334-2532 - fax


TO:   THE LAW OFFICE OF BARBARA A. MATARAZZO
      Attorney for Plaintiff
      BY: Barbara A. Matarazzo, Esq.
      1025 Westchester Avenue - Ste. 402
      White Plains, 10601
      (914) 346-8088
      (914) 681-0013 - fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 13-CV-7461 (ALC)

MEGAN WALLACE,

                            Plaintiff,

-against-

THE STANDARD FIRE INSURANCE CO., NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION AND FIDELITY NATIONAL PROPERTY & CASUALTY INS. CO.

                            Defendants.

# ANSWER

FELDMAN, RUDY, KIRBY & FARQUHARSON, P.C.
Attorneys for Defendant NYPIUA
410 Jericho Turnpike – Suite 315, Jericho, NY 11753
(516) 334-2500

Service of the within

is admitted this        day of        ,

                        ................................................
                    Attorney(s) for

**( ) NOTICE OF ENTRY**
Please take notice
that an                                  of which the within is a copy, was duly granted in the
within entitled action on the     day of            ,     , and duly entered in the office of the Clerk
of the County of              on the                     day of           ,

**( ) NOTICE OF SETTLEMENT**
Please take notice
that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the                     day of              ,

Dated,                                                                              Yours, etc.